IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| QUANTERIO PELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) CIVIL ACTION NO.: 2:12-CV-221-TMH | |
| | ) [WO] | |
| LEE BARNS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, a county inmate, challenges the constitutionality of actions undertaken with respect to his arrest and imprisonment on criminal charges presently pending against him before the state courts of Pike County, Alabama. Plaintiff further complains that he has been denied a bond reduction. Named as defendants are Sheriff Russell Thomas and Lee Barns. Plaintiff requests the court review his case so that he may be released from confinement and "get [his] life back." Upon review of the complaint, the court concludes that this case should be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I.  DISCUSSION

Plaintiff is confined in the Pike County Jail on unspecified criminal charges.  He complains that Defendants have falsely charged him with a criminal offense and assisted the victim in choosing him out of a line up.  Plaintiff further complains that he has been denied a bail reduction.  Doc. No. 1.

## A.  The Bail  Claim

Plaintiff complains that Defendants have failed to reduce his bail amount.  Plaintiff, however, cannot sustain a claim for failure to provide reasonable bond against the named defendants.  Pursuant to the relevant Alabama Rules of Criminal Procedure, judges and magistrates of the state courts are responsible for and have authority to set and reduce bond/bail.  *See* Ala.R.Crim.P., Rule 7.2.  Because the named defendants have no authority to set or reduce bail, Plaintiff has failed to state a viable § 1983 claim against them for an alleged violation of the right to reasonable bond/bail.  This claim, therefore, is due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## B.  The False Imprisonment Claim

With regard to Plaintiff's complaint that he is falsely imprisoned on criminal charges pending before the state courts of Pike County, Alabama, because he  is innocent of the charges lodged against him, such claim may not proceed in this § 1983 action.  It appears from a review of the instant complaint that the criminal charges about which Plaintiff

complains are presently pending before the state courts.  Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions."  *Id*. at 43.  In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system.  *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985).  Plaintiff can vindicate his constitutional rights in the on-going state court proceedings.  Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm.  The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45.  This court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement. In light of the foregoing, dismissal of Plaintiff's false imprisonment claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claim challenging the constitutionality of his bail/bond amount be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Plaintiff's false imprisonment claim be DISMISSED without prejudice pursuant

to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii); and

    3.   This case be DISMISSED prior to service of process.

    It is further

    ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before March 30, 2012**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    Done this 16th day of March, 2012.


            /s/ Wallace Capel, Jr.
            WALLACE CAPEL, JR.
            UNITED STATES MAGISTRATE JUDGE